IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **STEPHON ASHTON** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 09-1107 |
| | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Stephen Ashton ("Plaintiff" or "Claimant") brought this action *pro se*[1] under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. § § 401-433, 1381-1383. Before the Court is Plaintiff's Complaint to which he attached two medical opinions. Paper No. 1 On August 3, 2009, Judge Alexander Williams Jr. entered a scheduling order requiring Plaintiff's Motion for Summary Judgment and supporting memorandum of law to be filed by September 25, 2009, but no motion (or a functional equivalent) was filed with the Court. The Commissioner filed its Motion for Summary Judgment

---

[1] As discussed below, Plaintiff was represented by counsel at the administrative levels in this matter. However, Plaintiff has elected to proceed *pro se* before the Court. Accordingly, his pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the developments of a potentially meritorious

1

on November 24, 2009 in accordance with the scheduling order. (Paper No. 17). Subsequently, on December 15, 2009, Plaintiff sent correspondence via email to the Office of the United States Attorney which it then filed with the Court.[2] (Paper No. 20 at 2-3). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons discussed below, the Defendant's Motion for Summary Judgment is GRANTED.

## I. Procedural History

Plaintiff protectively filed his applications for DIB and SSI on March 24, 2005 alleging disability since November 1, 2004 on the basis of diabetes, status-post right foot transmetatarsal amputation and right foot ulcer. R. at 79-81, 89, 276-79. The claims were denied initially and on reconsideration. R. at 43-46, 49-50, 282-83. Plaintiff subsequently requested a hearing which was held before an administrative law judge ("ALJ") on May 4, 2007. R. at 302-41. At the hearing, Plaintiff was represented by counsel. R. at 304. Plaintiff testified at the hearing along with a vocational expert ("VE"). In a decision dated July 24, 2007, the ALJ denied Plaintiff's request for benefits. R. at 28-38. The Appeals Council subsequently remanded the case for further proceedings. R. at 40-42. On, November 8, 2007, the ALJ informed Counsel for Plaintiff that Plaintiff could submit additional evidence prior to the hearing and could ask the ALJ to issue a subpoena if he had difficulty obtaining evidence. R. at 75, 298. Claimant submitted five pages of additional medical records prior to the hearing. R. at 167-69, 272-75, 344-45.

Claimant, who was still represented by counsel, again testified at the supplemental hearing held on January 16, 2008. R. at 342-62. There was no request to keep the record open after the hearing.

---

claims. *See Miller v. Barnhart*, 64 Fed. Appx. 858 (4th Cir. 2003).

[2] He indicated that the email represented a "copy of a fax sent to the Office of General Council."

*Id.* On February 14, 2008, the ALJ again found Plaintiff not disabled. R. at 12-20. Plaintiff sought review by the Appeals Council but did not submit any additional medical evidence, R. at 5-7, 8. The Appeals Council denied Claimant's request for review on February 26, 2009 making this action ripe for review. R. at 5-7. *Id.*

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: status post trans-metatarsal amputation of the right foot secondary to diabetes mellitus, right foot ulcer and depression. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is not capable of performing his past relevant work. At step five, the ALJ concluded that given his residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that Claimant could perform. Accordingly, he concluded that Claimant was not disabled within the meaning of the Social Security Act. R. at 12-20.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

---

Paper No 20 at 2.

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

As mentioned above, Plaintiff did not file a formal (or informal) Motion for Summary Judgment[3] but only a Complaint to which he attached two medical opinions. In addition, Plaintiff sent emails to the Defendant in which he asserted he is keeping the recipient abreast of new medical information. Paper No. 20.

Newly Submitted Evidence

Social Security regulations allow two types of remand. Under the fourth sentence of 42 U.S.C. § 405(g), the court has the general power to affirm, modify or reverse the decision of the Commissioner, with or without remanding the cause for rehearing for further development

---

[3] In a communication to Plaintiff, the Defendant indicates that Plaintiff "separately advised [them] that [he does] not intend to file" a dispositive motion. Paper No. 20. The Court is not privy to any such communication. However, as mentioned above, the Court entered a scheduling order which required Plaintiff to file any such motion by September 25, 2009. No such motion was filed with the Court.

of the evidence. *Melkonyan v. Sullivan,* 501 U.S. 89, 97 (1991). Where there is new medical evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence. *Melkonyan,* 501 U.S. at 97. The Supreme Court has explicitly stated that these are the only kinds of remand permitted under the statute. *Id.* at 98.

In order to justify a remand to consider newly submitted medical evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and *Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir.1985) superseded by statute, 42 U.S.C. § 405(g), as recognized by *Wilkins v. Sec'y, Dept. of Health and Human Servs.,* 925 F.2d 769 (4th Cir.1991).[4] In *Borders,* the Fourth Circuit held that newly discovered evidence may warrant a remand to the Commissioner if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to

---

[4] Though the court in *Wilkins* indicated in a parenthetical that *Borders*' four part test had been superseded by 42 U.S.C. § 405(g), the Fourth Circuit has continued to cite *Borders* as the authority on the requirements for new evidence when presented with a claim for remand based on new evidence, and the U.S. Supreme Court has not suggested that the *Borders* construction of § 405(g) is incorrect. *See Washington v. Comm'r of Soc. Sec.,* 2009 WL 86737 at *5 (E.D.Va.2009); *Brock v. Sec'y of Health & Human Servs.,* 807 F.Supp. 1248, 1250 n. 3 (S.D.W.Va.1992). Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent *Borders* inquiry. *See Bolin v. Astrue*, No. 2:09-cv-00117, 2010 WL 1176570 (Mar. 23, 1010 S.D. W. Va.).

the remanding court "at least a general showing of the nature" of the newly discovered evidence. *Borders*, 777 F.2d at 955.

The evidence submitted by Plaintiff with his Complaint meets only the fourth requirement as Plaintiff attached the actual medical opinions to the Complaint. However, because the evidence is neither relevant nor material as contemplated under *Borders*, a remand under sentence six is not warranted.

The first piece of evidence is a March 6, 2009 letter from Plaintiff's treating podiatrist, Dr. Adam Spector. Paper No 1. In that letter, Dr. Spector describes Plaintiff's condition and presents an opinion that Plaintiff's ability to bear weight for an extended period of time is extremely limited; that walking for even short distances could be very harmful and may cause even greater disability and control of his diabetes and blood sugar is difficult to obtain on a consistent basis and he is at high risk for further disability and even amputation with continued activity. *Id.*

This evidence is essentially cumulative to evidence in the record; and the Court does not find the decision below would have reasonably been different had the evidence been before the ALJ. Indeed, records from Dr. Spector are in the record and were reviewed by the ALJ. R. at 212-15, 239-42 (some duplication), 272-75. Dr. Spector also completed a diabetes questionnaire on May 1, 2007. R. at 252-57. In that questionnaire, Dr. Spector indicated Plaintiff experienced continuous pain in his lower extremity and no pain in his upper extremity. R. at 254. He further indicated that Plaintiff was capable of standing/walking for less than 30 minutes without experiencing continuous pain and could sit for more than four hours without experiencing continuous pain. *Id.* He indicated Plaintiff could stand and/or walk for less than

one hour during an eight hour workday without experiencing interruption due to pain but could sit for more than four hours. R. at 255. He also indicated that Plaintiff could not walk without experiencing pain. *Id.* The ALJ thoroughly considered this evidence; and in fact, adopted it to the extent of the RFC stating "The [RFC] I established has specifically accommodated the podiatrists' [Dr. Spector's] expressly stated limitations as delineated on the medical assessment." R. at 16 (citing Dr. Spector's questionnaire at 252-57). He included a sit/stand option and specific postural limitations to make allowance for Claimant's toe amputation and the ulcer he developed on his foot. *Id.* However, with respect to Dr. Spector's ultimate conclusion that Claimant was disabled, the ALJ properly recognized that that decision is expressly reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Furthermore, the ALJ noted that Claimant only saw his podiatrist approximately once a month, that he did not require unduly significant treatment or care after his amputation, that he was not hospitalized nor had any emergency room treatment in the three years since his initial surgery. R. at 16, 345. The evidence in this respect is undisputed; and the Court finds the ALJ's RFC analysis supported by substantial evidence.

Additionally, while Dr. Spector treated Plaintiff since approximately 2005, the new evidence is dated March 6, 2009. It is unclear whether the opinion expressed therein contains restrictions that exist at the time the letter was written or whether the opinion is intended to relate back to the period of alleged disability. Even giving Claimant the benefit of the doubt, that Dr. Spector's opinion is provided retrospectively and that it suggests more restriction than his May, 2007 opinion, the Court notes that retrospective diagnoses (medical opinions of Claimants' impairments which relate back to the covered period) may be considered only to the

7

extent that such opinions both substantiate a disability that existed during the eligible period and are corroborated by evidence contemporaneous with the eligible period.  *See Evangelista v. Secretary of H.H.S.,* 826 F.2d 136, 140 (1st Cir.1987); *see also, e.g., Likes v. Callahan,* 112 F.3d 189, 190-91 (5th Cir.1997); *Adams v. Chater,* 93 F.3d 712, 714 (10th Cir.1996); *Perez v. Chater,* 77 F.3d 41, 48 (2d Cir.1996); *Jones v. Chater,* 65 F.3d 102, 103-04 (8th Cir.1995); *Flaten v. Secretary of H.H.S.,* 44 F.3d 1453, 1457-62 (9th Cir.1995).   In other words, it is not likely the ALJ would have accorded this retrospective opinion more weight than Dr. Spector's May, 2007 opinion; and for this reason also, Plaintiff fails to meet the materiality requirement.

Plaintiff fares no better with respect to the second medical opinion submitted with his Complaint.  That evidence is a one paragraph letter dated March 31, 2009 from Dr. Peter Sherer indicating Claimant is "presently" under his care.  Paper No. 1.  Dr. Sherer, in a three sentence note, states Claimant is disabled because of a recurrent poorly healing ulcer on his left foot which makes it extremely difficult for him to stand or walk.[5]  Paper No. 1.  This evidence is not relevant under *Borders*.  Claimant's left foot impairment did not even begin until approximately one month after the ALJ's February 14, 2008 decision and approximately 2 ½ years after his DLI for purposes of DIB.[6]  *See* R. at 352-53 (Plaintiff testimony at supplemental hearing

---

[5] Again, Dr. Sherer's opinion that claimant "has been disabled" is expressly reserved to the Commissioner.   20 C.F.R. § 404.1527(e).

[6] A Social Security Claimant must show that he became disabled on or before the date his insured status expired, or DLI (here, September 30, 2005, R. at 14), in order to be eligible for benefits.  *See Barraza v. Barnhart,* 61 Fed.Appx. 917, 2003 WL 1098841, at *1 (5th Cir.2003).  The DLI is irrelevant for purposes of SSI.  An SSI claimant must prove that he is under a disability that can be expected to last for 12 months between his application date and the date of the ALJ's decision. See *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir.2005) (citing 20 C.F.R. § 416.202-03 (2005)).

8

indicating the problems he experiences are with his *right* leg), Paper No. 1 at 2 ("diabetic ulcer on left foot * March 2008"). Accordingly, the evidence is not relevant to the determination of disability at the time the application was filed; nor would have it satisfied the requirement that that the Commissioner's decision "might reasonably have been different" had it been considered.

The Court need not address the "good cause" requirement given Plaintiff has clearly failed to establish at least two of the other prerequisites under the *Borders* .[7]

RFC Analysis

While Plaintiff does not raise any specific issues with respect to the ALJ's decision,[8] the Court has reviewed the ALJ's decision and finds that it is supported by substantial evidence. The ALJ found that Plaintiff was capable of sedentary work. R. at 12-20. Specifically, the ALJ

---

[7] As mentioned above, Plaintiff also sent emails dated December 15, 2009 in which he states he had an additional surgery on his left foot and expects another surgery on his left foot on December 17, 2009. Paper No. 20 at 2-3. Even assuming this evidence was properly before the Court, as mentioned above, the record demonstrates that the condition concerning his left foot did not begin until after the ALJ issued his decision. Paper No. 1 at 2, R. at 352-53. The evidence presented here consisting only of statements from Plaintiff with no supporting medical documentation does not alter the ALJ's prior decision nor support a basis for a remand. The Court makes no opinion with respect to how this condition, either alone or in combination with the amputation related to his right foot and other impairments that existed prior, renders him disabled. However, if Claimant believes his condition has deteriorated since the date of the ALJ's decision or that he has a new impairment, Plaintiff has the option to file a new application. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir. 1987) ("An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition. Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits.) (citations omitted).

[8] In a letter attached to his Complaint, Plaintiff seems to assert that the ALJ improperly analyzed his activities of daily living. Based on the discussion below, the Court finds Plaintiff's argument without merit.

9

found:

> Claimant has the ability to walk and stand for a total of 2 hours in an eight-hour day and to sit for a total of 6 hours in an eight-hour day; no climbing of ladders, ropes or scaffolds, no exposure to hazardous heights, or hazardous moving machinery, no extreme temperature changes due to his physical limitations; only occasional climbing of stairs and ramps, balancing, stooping and crouching and no kneeling or crawling; only low stress work [i.e. work requiring no more than moderate attention, concentration, persistence and pace for prolonged periods] owing to the distraction of moderate pain; moderate limitations as to performing activities within a schedule and maintaining regular attendance and being punctual within customary tolerances, owing to pain and mild depression; the avoidance of concentrated exposure to excessive vibration, or excessive humidity and wetness, and as to excessive dusts, fumes, chemical and poor ventilation; no push or pull controls with the legs; with no more than ½ hour sitting or standing at any one time period.

R. at 16. As discussed above, the various restrictions on Claimant's ability to perform sedentary work was based on the evidence in the record, including the opinions expressed by Claimant's own treating physicians. *See* discussion *supra* at 6-7.

The ALJ also did not err when he determined that while Plaintiff suffered from an impairment which could cause pain, it did not cause pain to the extent alleged by Plaintiff. The ALJ was required to follow the two-step process laid out in 20 C.F.R. § 404.152 for evaluating whether a person is disabled by pain and other symptoms. *See Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). At the first step, the ALJ must determine that objective evidence shows the existence of a medical impairment which could reasonably be expected to produce the actual pain alleged. *Id*. at 596. If such evidence exists, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms, including pain, to determine the extent to which those symptoms limit the claimant's capacity to work. *Craig*, 76 F.3d at 595; 20 C.F.R. § § 404.1529(c)(1), 416-929(c)(1). At this stage, the ALJ must consider all the available evidence, including the claimant's medical history, medical signs, statements by the claimant

and his treating or examining physicians, 20 C.F.R. § § 404.1529(c)(1), 416-929(c)(1), objective medical evidence of pain, 20 C.F.R. § § 404.1529(c)(2), 416-929(c)(2), and any other information proffered by the claimant, such as the claimant's account of what aggravates the pain, medications taken to alleviate the pain, and a summary of how the pain affects daily living. 20 C.F.R. § § 404.1529(c)(3), 416-929(c)(3). The ALJ should consider inconsistencies in the evidence to determine whether a claimant's subjective claims of pain can reasonably be accepted. 20 C.F.R. § § 404.1529(c)(4), 416-929(c)(4).

Here, the ALJ found Plaintiff suffered from impairments including status post trans-metatarsal amputation of the right foot secondary to diabetes mellitus and right foot ulcer which could reasonably be expected to cause pain. However, in evaluating the evidence at the second step of the process, the ALJ found his statements concerning the intensity, persistence and limiting effects of those symptoms not entirely credible. The ALJ found significant that Plaintiff typically took over the counter Tylenol and was prescribed 600 mg of Ibuprofen which he took, according to him, only as needed. R. at 17, 346, 349-50. With respect to his activities of daily living, Plaintiff reported that he reads, goes to church, takes out the trash, does laundry, uses public transportation and drives a car. R. at 32, 265-67. Plaintiff testified at the supplemental hearing that he was still generally able to do these basic things although not all the time. R. at 349. In addition, as mentioned above, the ALJ noted that Claimant only saw his podiatrist approximately once a month, that he did not require unduly significant treatment or care, that he was not hospitalized or had emergency room treatment in the three years since his initial surgery. R. at 345. He also found significant that in November, 2005, Claimant's walking boot needed to be replaced because it had deteriorated from walking too much. R. at

11

18, 214. Substantial evidence supports the ALJ's pain and credibility analysis.

## V. Conclusion

For the reasons stated above, the Commissioner's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date:   August 12, 2010　　　　　　　　＿＿＿＿＿＿/s/＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　THOMAS M. DIGIROLAMO
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


Copies to:
Stephen Ashton
2311 Massanutten Drive
Silver Spring, MD 20906

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692